UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WIILIAM GERENA,<br><br>      Plaintiff,<br><br>v.<br><br>BECKY SCOTT, et al.,<br><br>      Defendants. | Civil Action No. 24-8179 (SDW-JRA)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about July 30, 2024, Plaintiff William Gerena, a pretrial detainee in Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, filed a *pro se* complaint (ECF No. 1) and an application to proceed without prepayment of the filing fee ("IFP Application") under 28 U.S.C. § 1915(a).

2. Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee (ECF No. 1-1) and will be granted.

3. When a plaintiff is granted IFP status, the district court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants named in the complaint are Becky Scott, Director of HCCC, and Samantha Pirnat ("Pirnat"), Director of MAT/Suboxane [sic] Program at HCCC. (ECF No. 1, ¶ 4(b)). Plaintiff alleges that Pirnat failed to "detox" him properly and caused him to suffer from symptoms of withdrawal from Suboxone. Plaintiff complained to Director Becky Scott, and she failed to take action. Twice since he has been detained in HCCC, Plaintiff obtained a court order for substance abuse and mental health treatment. The last judicial order issued on July 12, 2024. Even after the order issued, Pirnat "finalized" her decision that Plaintiff should not remain on the MAT Program.

6. For a pretrial detainee to state a claim of inadequate medical care under the Fourteenth Amendment, he must allege the defendants were deliberately indifferent to his serious medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official … will not be chargeable with … deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

7. Plaintiff's alleges Pirnat evaluated him and found him ineligible to continue on the MAT Program, which provides treatment with Suboxone for drug withdrawal. Disagreement with a medical provider's professional judgment fails to state a claim of deliberate indifference to a serious medical need. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 542 (3d Cir. 2017) (quoting *Inmates of the Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) ("Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment" so long as it "remains a question of sound professional judgment" (internal quotation marks omitted in *Pearson*)). Moreover, a non-medical prison official, such as Defendant Becky Scott, Director of HCCC, is entitled to assume that an inmate who is under the care of a medical professional is "in capable hands." *Spruill*, 372 F.3d at 236. It is unclear, however, whether Plaintiff is alleging that he did not receive any type of physical or mental health treatment for his withdrawal symptoms after Pirnat decided he was ineligible for the MAT Program. Therefore, Plaintiff may file an amended complaint to allege additional facts in support of his Fourteenth Amendment inadequate medical care claims.

8. For these reasons, the Court will dismiss the complaint for failure to state a claim. Plaintiff will be granted leave to file an amended complaint to cure the deficiencies in his claims within 30 days.

An appropriate Order follows.

DATE: September 30, 2024

                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge